IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARLIN GEOPHYSICAL, LAURA OLSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant and<br>Counterclaim Plaintiff<br><br>v.<br><br>JOHN E. WORTHEN, ET AL.,<br><br>Counterclaim<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AND COUNTERCLAIM PLAINTIFF UNITED STATES' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER REGARDING DISCOVERY REQUESTS<br><br>Case No.  2:08-cv-00414-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. section 636(b)(1)(B).  (Docket No. 350.)  The United States of America ("United States") moved for sanctions against Counterclaim Defendant Stephen G. Homer[1] for Failure to Comply with a Court Order (Docket No. 316.)  The Court carefully reviewed the written memoranda submitted by the parties and considered oral arguments at the October 30, 2012 Motion Hearing, *see* DUCivR 7-1(f).  (Docket No. 355.)  Based on this information, the Court STRIKES all of Mr. Homer's objections to Interrogatory 5 and ORDERS him to provide a complete response within seven (7) days upon entry of this Order.  **Failure to respond**

---

[1] Mr. Homer is an attorney appearing pro se for himself as the named counterclaim defendant and counsel of record for counterclaim defendant John F. Green.  *See* Docket No. 216.

**completely within seven days will likely result in a recommended striking of his Answer and entry of default.** The Court further ORDERS Mr. Homer to pay the United States' costs and fees associated with the motions at Docket Number 265, 283, and 316. For reasons set forth in more detail below, the Court GRANTS IN PART and DENIES IN PART the Motion for Sanctions for Failure to Comply with a Court Order. (Docket No. 316.)

The United States requests the Court impose sanctions on counterclaim defendant Stephen G. Homer for failure to comply with the Court's Order dated October 20, 2011 (Docket No. 300). Specifically, the United States requests that the Court strike Mr. Homer's Answer (Docket No. 216) and enter default judgment against him and in favor of the United States, and order Mr. Homer to reimburse the United States for reasonable expenses incurred in bringing the motion.

Under Federal Rule of Civil Procedure 37(b)(2), a party who fails to obey an order to provide or permit discovery subjects himself to an array of sanctions, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. P. 37 (b)(2)(A)(ii),(vi). Additionally, the court also must order "the disobedient party, the attorney advising the party, or both to pay the reasonable expenses caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The court has discretion to impose any such sanction that is "just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal citations and quotations omitted).

On October 20, 2011, United States Magistrate Judge Brooke. C. Wells ordered Counterclaim Defendant Stephen G. Homer to provide complete responses to the United States'

first Interrogatories and first Requests for Production of Documents within thirty days from the date of the order.  (Docket No. 300.)  At the time the United States filed the motion for sanctions on January 10, 2012, Mr. Homer had yet to comply with the order.  (Docket No. 316.)  In an Order dated February 8, 2012, Magistrate Judge Brooke C. Wells ordered Mr. Homer to show cause why the Court should not grant the motion for sanctions within fourteen days from the date of the order.[2]  (Docket No. 324.)  Mr. Homer never responded to the Order.  Mr. Homer has not complied with the October 20, 2011 discovery order.  At hearing on the Order, Mr. Homer offered two lines of argument.  First, he failed to realize the Court had ordered him to respond to the Motion to Compel.  Second, he plays a minor role in this litigation and has nothing much to offer in terms of discovery responses that the United States cannot get elsewhere.

Before imposing sanctions such as striking a party's answer or rending an entry of default judgment, the Court considers a number of factors in determining the proper sanction,  including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921 (internal citations and quotations omitted).  The factors do not set a rigid test but provide guidance for determining the appropriate sanction based on the facts.  *Id.* at 920-21.

Mr. Homer's failure to obey the original court order has delayed this case and required significant resource expenditure in briefing and argument causing prejudice to the United States. Failure to obey the Court's Order compelling discovery and Order to Show Cause interfere with the judicial process significantly by wasting valuable court resources in obtaining compliance

---

[2] The order to show cause also addressed Docket No. 317, Motion for Sanctions for Failure to Appear for Deposition.

from Mr. Homer.  The Court gave Mr. Homer ample time and opportunity to comply. Additionally, Mr. Homer's reasons do not provide an acceptable excuse.  While Mr. Homer represents himself in this matter, he nonetheless has an obligation to comply with discovery, respond to motions, and obey court orders.  His failure to monitor this case and his opinion of his significance do not shield him from responding to discovery or obey Court orders.  Thus, Mr. Homer bears complete culpability for his actions.  Furthermore, the Court warned Mr. Homer, through the Orders to Show Cause that he could face sanctions.  As to the efficacy of striking the answer, the posture of this case makes striking the answer a less effective sanction than it provides in other cases.

With these factors in mind, the Court will not strike Mr. Homer's answer, but strike all of Mr. Homer's objections to Interrogatory 5.  He must provide a complete response within seven (7) days.  The United States may use any additional information supplied by Mr. Homer in its case, but Mr. Homer may not assert that information in his own defense in motions or at trial. Fed. R. Civ. P. 37 (b)(2)(A)(ii).

**The Court warns that failure to respond completely within seven days will likely result in a recommended striking of Mr. Homer's Answer and entry of default.**  The Court further warns Mr. Homer that he must pay attention to notices from this Court and his opposing counsel that go to his e-mail account.  That Mr. Homer does not carefully monitor his e-mail or mail or that he does not have voicemail, does not excuse failing to respond to discovery or court orders.

In addition to costs associated with this motion, (Docket No. 316), the Court GRANTS costs and fees associated with the United States' Motion to Compel Discovery Responses from Counterclaim Defendant Stephen G. Homer, (Docket No. 265), and Amended Motion to Compel

Discovery Responses from Counterclaim Defendant Stephen G. Homer.  (Docket No. 283.)  The Court directs the United States to submit a statement of costs and fees associated with the motions for the Court's approval.

The Court DENIES the remainder of the motion requesting Mr. Homer's Answer stricken and entry of default judgment.

SO ORDERED this 31st day of October, 2012.

BY THE COURT:

*(signature)*
EVELYN J. FURSE
United States Magistrate Judge