IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARLIN GEOPHYSICAL, LAURA OLSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant and<br>Counterclaim Plaintiff<br><br>v.<br><br>JOHN E. WORTHEN, ET AL.,<br><br>Counterclaim<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AND COUNTERCLAIM PLAINTIFF UNITED STATES' MOTION FOR SANCTIONS FAILURE TO APPEAR FOR DEPOSITION**<br><br>Case No.  2:08-cv-00414-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. section 636(b)(1)(B).  (Docket No. 350.)  The United States of America's ("United States") moved for Sanctions against Counterclaim Defendant Stephen G. Homer[1] for Failure to Appear for Deposition (Docket No. 317).  The Court has carefully reviewed the written memoranda submitted by the parties, considered oral arguments, *see* DUCivR 7-1(f), and the documents submitted at the October 30, 2012 Motion Hearing.  (Docket No. 355.)  Mr. Homer failed to appear for his scheduled deposition.  Therefore, the Court GRANTS the motion for reasonable costs and fees incurred at the January deposition and for reasonable costs and fees incurred in bringing the instant motion.  The Court further ORDERED Mr. Homer to submit to a

---

[1] Mr. Homer is an attorney appearing pro se for himself as the named counterclaim defendant and counsel of record for counterclaim defendant John F. Green.  *See* Docket No. 216.

deposition the day of the hearing on this Motion.  For the reasons set forth in detail below, the Court GRANTS IN PART and DENIES IN PART the Motion for Sanctions for Failure to Appear for Deposition.  (Docket No. 317.)

The United States requests the Court strike Mr. Homer's Answer and enter default judgment against him in favor of the United States, order Mr. Homer pay reasonable expenses incurred in the January 9, 2012 deposition, and order Mr. Homer to reimburse the United States for reasonable expenses incurred in bringing the instant motion.

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may order sanctions if a party fails to appear for a deposition after receiving proper notice.  Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), such as "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party."  Additionally, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

In an order dated February 8, 2012, Magistrate Judge Brooke C. Wells ordered Mr. Homer to show cause why the motion for sanctions should not be granted within fourteen days.[2] (Docket No. 324.)  On February 22, 2012, Mr. Homer filed a response to the Motion for Sanctions for Failure to Appear for Deposition, (Docket No. 327), with a litany of reasons, none of which excuse his failure to appear.

On December 16, 2011, the United States sent an e-mail to remaining parties in the case, including Mr. Homer stating in part "if/when discovery is extended, we will be setting Mr. Homer's deposition for the morning of January 9th at the United States' Attorneys Office in Salt

---

[2] The order to show cause also addressed Docket No. 316, Motion for Sanctions for Failure to Comply with a Court Order.

Lake City." (Pitman Decl. 1-2, Docket No. 317; Countercl. Pl.'s Ex., Docket No. 354.)  On December 30, 2011, the United States served Mr. Homer via email and U.S. Mail Notice of Deposition set for January 9, 2012 at 9am.  (Countercl. Def.'s Supp. Mem. Ex.1, Docket No. 317; Countercl. Pl.'s Ex., Docket No. 354.)  Mr. Homer called the United States Attorney's Office at approximately 9:00 a.m. on January 9, 2012 and indicated he would be 20 minutes late for his deposition.  (Lowe Decl. 2, Docket No. 317.)  When Mr. Homer still did not appear at 10:30 a.m., counsel for several parties in the suit, David E. Ross II, attempted to contact Mr. Homer by telephone, but received no answer. (Lowe Decl. 2, Docket No. 317.)  United States Attorney Virginia Lowe closed Mr. Homer's deposition at approximately 10:30 a.m.

Mr. Homer avers that the email scheduling his deposition from Mr. Pitman, Counsel for the United States, was overlooked, "somehow got lost and/or went unread or unread with respect to the specific proposed deposition-taking." (Homer Opp. Mem. 2-3, Docket No. 327.)  Alternatively, Mr. Homer argues that formalized notice sent by email and U.S. Mail on December 30, 2011 for a January 9, 2012 deposition was not reasonable notice. (Homer Opp. Mem. 4-5, Docket No. 327.)  Instead, Mr. Homer alleges he had a hearing in the Third District Court and did not learn of the deposition until the following day.  (Homer Opp. Mem. 5, Docket No. 327.)  While Mr. Homer alleges he had no knowledge of the deposition, the Court credits Ms. Lowe's Declaration indicating he called the United States Attorney's Office on January 9, 2012 to indicate he would be late for the deposition.  (Lowe Decl. 2, Docket No. 317.)  Based on the evidence, the Court does not find Mr. Homer's claim of ignorance about the January 9, 2012 deposition credible.  Consequently, he should have to pay reasonable fees and costs.

For these reasons, the Court GRANTS the motion for reasonable expenses incurred at the January deposition and for reasonable expenses incurred in bringing the instant motion. The Court directs the United States to submit a statement of costs to the Court for approval.

The Court DENIES the remainder of the motion requesting Mr. Homer's Answer stricken and entry of default judgment.

SO ORDERED this 31st day of October, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge