DAVID B. BARLOW (#13117)
United States Attorney
JOHN K. MANGUM (#2072)
Assistant United States Attorney
District of Utah

LINDSAY L. CLAYTON
VIRGINIA CRONAN LOWE
RICK WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:   (202) 353-0300
Facsimile:   (202) 307-0054
Rickey.watson@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

| | |
|---|---|
| ARLIN GEOPHYSICAL & LAURA OLSON, | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE DECISION** |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | Case No. 2:08-cv-414-DN-EJF |
| Defendant & Counterclaim Plaintiff, | David Nuffer |
| v. | Magistrate Judge Evelyn J. Furse |
| JOHN E. WORTHEN, et al., | |
| Counterclaim Defendants. | |

On October 31, 2012, Magistrate Judge Furse entered an Order granting in part and denying in part a motion by the United States for sanctions against attorney Stephen G. Homer

based on his failure to attend his properly scheduled deposition (Docket No. 357). On November 28, 2012, in compliance with that Order, the United States submitted its statement of expenses (Docket No. 360). On March 24, 2014, Magistrate Judge Furse entered two Orders granting the United States' motions for attorneys' fees against Mr. Homer (Docket Nos. 399 and 400). On March 31, 2014, Mr. Homer filed an objection to these two Orders (Docket No. 401).[1]

"Magistrate judges have the power to award attorney fees as non-dispositive discovery sanctions under 28 U.S.C. § 636."[2] The district court reviews the magistrate judge's order awarding fees under a "clearly erroneous or contrary to law" standard of review.[3] Under the clearly erroneous standard, the district court must affirm the decision of the magistrate judge unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed"[4]

---

[1] Although Mr. Homer states that he is objecting to both March 24, 2014 orders [399& 400], he only presents facts and argument relating to [400] which granted attorney's fees for his failure to appear for his deposition.

[2] *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557, at *2 (10th Cir. Nov. 9, 1999).

[3] *Id.*; see *Ocelot Oil v. Corp. v. Sparrow Indus.* 847 F.2d 1458, 1461-62 (10th Cir 1988).

[4] *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

**ORDER**

Having read and considered the above referenced material, all related material, andMr. Homer's objection, the court concludes that the magistrate's Orders were not clearly erroneous or contrary to law, and for the reasons set out in the Orders, Mr. Homer's objection is hereby OVERRULED.

DATED this 2nd day of May, 2014.

BY THE COURT

_____
David Nuffer
U.S. District Court Judge