IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARLIN GEOPHYSICAL & LAURA OLSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant & Counterclaim Plaintiff,<br><br>v.<br><br>JOHN E. WORTHEN, et al.,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME**<br><br>Case No. 2:08-cv-00414-DN-EJF<br><br>District Judge David Nuffer |

Counterclaim Defendant John E. Worthen seeks a sixty-day extension of the redemption period of certain real property sold at judicial execution sale to Salt Lake County on May 24, 2017.[1] Because Mr. Worthen fails to establish good cause for the requested extension, his Motion is DENIED.

## DISCUSSION

"The right of redemption … is a statutory right provided in section 78B-6-906 of the Utah Code."[2] "The procedures for exercising the right to redemption are set out in rule 69C of the Utah Rules of Civil Procedure."[3] This rule provides that to redeem, the redemptioner must pay the amount required to the property's purchaser and must serve on the purchaser:

---

[1] Motion for Extension of Time Pursuant to FRCP Rule 6(b)(1)(A) ("Motion"), docket no. 482, filed Nov. 17, 2017.

[2] *Pyper v. Bond*, 258 P.3d 575, 578 (Utah 2011).

[3] *Id*.

> (1) a certified copy of the judgment or lien under which the redemptioner claims the right to redeem;
>
> (2) an assignment, properly acknowledged if necessary to establish the claim; and
>
> (3) an affidavit showing the amount due on the judgment or lien.[4]

The rule further provides that "[t]he property may be redeemed within 180 days after the sale."[5]

"In most instances, 'strict compliance with the [180-day] redemption period is . . . required.'"[6] However, "in exceptional circumstances, a court sitting in equity may extend a redemption period"[7] under Federal Rule of Civil Procedure 6(b)(1), which provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) . . . if a request is made[] before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.[8]

Circumstances that may justify an extension of the redemption period include: "fraud accident, mistake, or waiver"[9] or "where (1) a debtor's property is sold at a grossly inadequate price and (2) there were irregularities during the sale that contributed to the inadequacy of price or circumstances of unfairness during the redemption period cause by the conduct of the party benefitted by the sale."[10] Some of these circumstances, recited in Utah case law, seem inapplicable to a motion to extend the redemption period but are recited because Utah law applies the same standards to motions for extensions of the redemption period as are applied to motions to set sales aside.[11] However, the more general principle is that extension of the

---

[4] UTAH R. CIV. P. 69C(c).

[5] *Id.* at 69C(d).

[6] *Pyper*, 258 P.3d at 578 (quoting *Huston v. Lewis*, 818 P.2d 531, 535 (Utah 1991)).

[7] *Huston*, 818 P.2d at 535 (citing *Mollerup v. Storage Sys. Int'l*, 569 P.2d 1122, 1124 (Utah 1977)).

[8] Fed. R. Civ. P. 6(b)(1).

[9] *Mollerup*, 569 P.2d at 1124.

[10] *Pyper*, 258 P.3d at 578.

[11] *Id.*

redemption period should occur "only when the equities of the case are compelling and 'move the conscience of the court.'"[12] And "the mere allegation of a dispute is generally not sufficient to justify an extension of the redemption period."[13] "To determine otherwise would allow others similarly situated to simply appear ex parte, assert a dispute . . . or some other self-serving matter, and the effect would be to abridge the rights of a purchaser at sale."[14]

Mr. Worthen seeks a sixty-day extension of the redemption period of certain real property sold to Salt Lake County on May 24, 2017.[15] He asserts, without documentary proof, that he "notified Salt Lake County that he was redeeming the Property."[16] He does include the letter in which Salt Lake County informed him that the property was "not subject to any redemption rights" and that he had "not complied with all of the steps necessary to invoke the redemption rights that he claims to have."[17] Mr. Worthen further asserts that he has attempted to clarify the basis for Salt Lake County's position, but was unsuccessful due to Salt Lake County's counsel being out of the office.[18] Therefore, Mr. Worthen submits that good cause exists to extend the redemption period to allow time the issue of "whether or not the Property is subject to redemption[.]"[19]

Mr. Worthen's mere assertion of a dispute with Salt Lake County as to whether the property is subject to redemption is insufficient to justify an extension of the redemption

---

[12] *Huston*, 818 P.2d at 535 (quoting *Mollerup*, 569 P.2d at 1124).

[13] *Id*. at 536.

[14] *Id*. (quoting *Mollerup*, 569 P.2d 1125).

[15] Motion.

[16] *Id*. at 2.

[17] *Id*. at 2, Exhibit A.

[18] *Id*. at 2.

[19] *Id*.

period.[20] Mr. Worthen offers no facts indicating that he complied, or attempted to comply, with the requirements of rule 69C(c) when informing Salt Lake County of his intent to redeem the property. Nor does he indicate that he has attempted to comply with the dispute procedures of rule 69(f).

Moreover, Mr. Worthen does not state when he informed Salt Lake County of his intent to redeem the property. His Motion indicates only that Salt Lake County responded to his notice by letter dated November 14, 2017.[21] Mr. Worthen filed his Motion three days later on November 17, 2017—just three days before the expiration of the 180-day redemption period. It is unknown whether the delay in Mr. Worthen becoming aware of Salt Lake County's position regarding his ability to redeem the property is attributable to his own action or inaction, or to action or inaction of Salt Lake County, or some combination of both. In the absence of these facts, it cannot be determined that Mr. Worthen "acted in an equitable fashion" thereby entitling him to the equitable relief he seeks.[22] Therefore, Mr. Worthen has failed to establish good cause for the requested extension of the redemption period and his Motion is DENIED.

This denial of Mr. Worthen's Motion under rule 6(b)(1)(A) is without prejudice to a subsequent motion for extension of time under rule 6(b)(1)(B) that is filed by no later than Monday, December 4, 2017.

---

[20] *Huston*, 818 P.2d at 535; *Mollerup*, 569 P.2d at 1124-25.

[21] Motion at Exhibit A.

[22] *Huston*, 818 P.2d at 536-37; *Mollerup*, 569 P.2d at 1124-25.

**ORDER**

IT IS HEREBY ORDERED that Mr. Worthen's Motion[23] is DENIED without prejudice to a subsequent motion for extension of time under rule 6(b)(1)(B) that is filed by no later than Monday, December 4, 2017.

Signed November 20, 2017.

BY THE COURT

District Judge David Nuffer

---

[23] Docket no. 482, filed Nov. 17, 2017