IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARLIN GEOPHYSICAL & LAURA OLSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant & Counterclaim Plaintiff,<br><br>v.<br><br>JOHN E. WORTHEN, *et al.*,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND EXTENSION OF TIME**<br><br>Case No. 2:08-cv-00414-DN-EJF<br><br>District Judge David Nuffer |

Counterclaim Defendant John E. Worthen seeks summary judgment determining that he has the right to redeem certain real property sold at judicial execution sale to Salt Lake County on May 24, 2017.[1] He also seeks determination that he has until March 5, 2018, to redeem the property, or in the alternative, requests an extension to time to March 5, 2018, to redeem the property.[2]

## DISCUSSION

Mr. Worthen's Motion fails to comply with the summary judgment requirements of DUCivR 56-1(b). The Motion does not include a statement of undisputed material facts or an

---

[1] Motion for Summary Judgment and Extension of Time Pursuant to FRCP Rule 6(b)(1)(B) ("Motion"), docket no. 484, filed Dec. 4, 2017.

[2] *Id.*

appendix of evidence.[3] And many of the purported facts in the Motion are couched in legal argument and not accompanied by citation to evidence.

Additionally, the only basis asserted in support of an extension of the redemption period is Mr. Worthen's dispute with Salt Lake County and the government regarding whether the property is subject to redemption.[4] Without more, this basis is insufficient to justify an extension of the redemption period.[5]

Mr. Worthen does not indicate that he complied, or attempted to comply, with the requirements of Rule 69C(c) of the Utah Rules of Civil Procedure when informing Salt Lake County of his intent to redeem the property. Nor does he indicate any attempt to comply with the dispute procedures of Rule 69C(f). Mr. Worthen also fails to state when he informed Salt Lake County of his intent to redeem the property.

In the absence of these facts, it is unknown whether Mr. Worthen's delay is attributable to his own action or inaction, or to action or inaction of Salt Lake County, or some combination of both. An extension of a redemption period should occur "only when the equities of the case are compelling and 'move the conscience of the court.'"[6] Mr. Worthen has failed to establish that he "acted in an equitable fashion" thereby entitling him to the equitable relief he seeks.[7] And has failed to establish good cause or excusable neglect for an extension of the redemption period.[8]

---

[3] DUCivR 56-1(b)(3), (5).

[4] Motion at 5-6.

[5] *Huston v. Lewis*, 818 P.2d 531, 535-36 (Utah 1991); *Mollerup v. Storage Sys. Int'l*, 569 P.2d 1122, 1124-25 (Utah 1977).

[6] *Huston*, 818 P.2d at 535 (Utah 1991) (quoting *Mollerup*, 569 P.2d at 1124).

[7] *Id*. at 536-37; *Mollerup*, 569 P.2d at 1124-25.

[8] Fed. R. Civ. P. 6(b)(1)(A), (B).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Worthen's Motion[9] is DENIED.

Signed December 14, 2017.

BY THE COURT

District Judge David Nuffer

---

[9] Docket no. 484, filed Dec. 4, 2017.